1  Christopher S. Ford (State Bar No. 337795)
       csford@debevoise.com
2  DEBEVOISE & PLIMPTON LLP
3  650 California Street
   San Francisco, CA 94108
4  Tel: 415-644-5628

5  Megan K. Bannigan (*Pro Hac Vice*)
       mkbannigan@debevoise.com
6  Timothy Cuffman (*Pro Hac Vice*)
       tcuffman@debevoise.com
7  DEBEVOISE & PLIMPTON LLP
8  66 Hudson Boulevard
   New York, NY 10001
9  Tel: 212-909-6000

10 *Attorneys for Defendant
11 Lightning Labs, Inc.*

12             UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                 SAN FRANCISCO DIVISION

14

15 ----------------------------------------------------------- x
                                                               :
16 TARI LABS, LLC,                                             :   CASE NO.: 3:22-cv-07789-WHO
                                                               :
17                Plaintiff,                                   :   **ANSWER OF DEFENDANT
                                                               :   LIGHTNING LABS, INC., TO
18                -against-                                    :   THE COMPLAINT**
                                                               :
19 LIGHTNING LABS, INC.                                        :
                                                               :
20                Defendant.                                   :
21 ----------------------------------------------------------- x

Defendant Lightning Labs, Inc. ("Lightning") hereby makes its Answer and states its defenses and affirmative defenses to the Complaint, Dkt. 1 ("Complaint"), of Plaintiff Tari Labs, LLC ("Tari Labs").

**PRELIMINARY STATEMENT**

Tari Labs' Complaint seeks to create a dispute where none exists. Two companies operating in completely different sectors of the blockchain industry are using two different marks for two different types of products marketed to two different (and highly sophisticated) user bases. Superficial similarities that have not confused – and will not confuse – any consumers are not a basis for trademark infringement.

Since the first blockchain – Bitcoin – was launched in 2009, the cryptocurrency ecosystem has grown enormously. There are now hundreds, if not thousands, of unique blockchain protocols. Like different computer operating systems (Windows, Mac, Linux, etc.), the different blockchain protocols (Bitcoin, Ethereum, Monero, etc.) have different characteristics and different communities of users. Importantly, like computer operating systems, different blockchains have different strengths and features: for example, Bitcoin seeks to enable a global, decentralized currency, while Ethereum offers smart contracts and other applications, and Monero provides its users with a greater degree of privacy and anonymity. Players in the cryptocurrency space are keenly aware of these distinctions, choosing specific blockchains for different reasons. Developers who work on blockchain software are a particularly sophisticated group and generally work in distinct communities focused on a specific blockchain; for example, Bitcoin developers are a community distinct from Ethereum or Monero developers.

Lightning was founded in 2016 with the purpose of making it easier to send and receive digital money and to bring the associated benefits to a broad community of users, especially those left behind by – or who do not have access to – the traditional financial system. Co-founded by Elizabeth Stark and Olaoluwa Osuntokun, its mission is to bring financial freedom to the world, including people in emerging markets across Africa, Latin

America, and Southeast Asia. Lightning is a software development company focused on building technology to enable instant, high-volume, low-fee transactions – and developer infrastructure for what is known as the Lightning Network, an open-source protocol that is built on top of Bitcoin. The Lightning Network is a "layer 2" network, i.e., it is built on top of Bitcoin's "layer 1" blockchain and can in theory support millions of transactions per second.

Lightning builds software for developers, who are its core consumer base. In April 2022, Lightning announced TARO, a software protocol that developers will be able to use to issue new digital assets on the Bitcoin blockchain and transact with them over the Lightning Network. In September 2022, Lightning released initial code that allows developers to create, send, and receive TARO assets on the Bitcoin test network. Once the code is released for Bitcoin's main network, TARO will allow for the creation of stablecoins on the Bitcoin blockchain. Stablecoins are digital assets whose value is pegged to another asset (like one U.S. dollar). Until a recent software update to the Bitcoin blockchain – called Taproot – issuing new digital assets on Bitcoin was inefficient and impractical, compared to the ease of creation on other blockchains (like Ethereum). TARO will give developers a new tool to bring stablecoins to Bitcoin in a more efficient way, particularly because the protocol is designed to support the Lightning Network. TARO's name – a reference to the root vegetable taro – is a direct nod to Taproot, the Bitcoin technology that made the protocol possible. It is also a common food in Nigerian cuisine, which made it meaningful to Lightning's Nigerian-born co-founder.

Lighting and Tari Labs build fundamentally different software on different blockchains. Unlike Lightning, Tari Labs does not develop on the Bitcoin blockchain. In fact, what exactly Tari Labs does is somewhat unclear. Tari Labs claims that it is building a "merge-minded sidechain of Monero" – a separate blockchain from Bitcoin.[1] And Tari Labs

---

[1] Tari Labs, What Is Tari?, https://tarilabs.com/#what-is-tari.

claims in its Complaint that it "has continued to own and operate" the TARI protocol "since the protocol's launch." (Compl. ¶ 11.) Yet Tari Labs' website directly contradicts its own Complaint, stating that while "some Tari Labs employees spend a significant portion of their time contributing to the Tari project . . . ***this does not mean that Tari Labs owns or controls the project in any meaningful way***."[2]

There also does not appear to be any TARI blockchain that is actually in use. Tari Labs' own website shows zero transactions and zero 'blocks' in the Tari blockchain.[3]



The same Tari Labs website also displays a chart (shown below) that purports to show a bar graph of the TARI tokens in existence – yet every number along the Y axis is zero, indicating that Tari Labs has, in reality, issued no TARI-branded tokens.[4] All Tari Labs appears to have released is a "testnet" for what Tari Labs' own website calls "fake Tari" tokens, which have "no monetary value and cannot be exchanged for cash, cash equivalent, or other tokens or cryptocurrencies."[5]



Tari Labs brought this suit alleging confusion where none exists. Tari Labs has publicly disclaimed ownership or control of products offered under the TARI mark, and no actual blockchain-related goods or services are being offered to consumers under the TARI

---

[2]  Frequently Asked Questions, https://tarilabs.com/faq (emphasis added).
[3]  Tari Block Explorer, https://explore.tari.com (image captured January 31, 2023).
[4]  *Id.* (image captured January 31, 2023).
[5]  Get Started, https://tarilabs.com/#get-started.

mark. By contrast, Lightning's TARO protocol is intended for use by sophisticated Bitcoin developers who are not going to confuse TARO with a (as-yet unfinished and unreleased) protocol built on Monero, an entirely different blockchain.

Setting aside the sophisticated target user of Lightning's TARO protocol, brands in the cryptocurrency space tend to use similar formats: for example, there are a variety of companies that use "coin" in their names (including exchanges like Coinbase, reporting sites like Coindesk, and investment firm CoinShares), that use "bit" in their names (including custody infrastructure firm BitGo, exchange Bitso, and payment processor BitPay, among many others), or that use short three- or four-letter brand names. Developers and consumers alike are accustomed to paying careful attention to the name of a blockchain project and are not easily confused, even by superficially similar names.

Further, consumers do not – and will not – see references to Lightning's TARO protocol, which is built on the Bitcoin blockchain and intended for developers, in the same channels of trade as TARI-branded products, which appear to still be in the process of being built on the entirely separate Monero blockchain and are intended for a non-developer audience of consumers of "digital assets – things like tickets, loyalty points, in-game items, and crypto-native assets like CryptoKitties."[6] To be clear, because the TARO protocol is built on Bitcoin, it *cannot* be used on the Monero blockchain on which Tari Labs is developing and is not designed to interact with the software Tari Labs is developing in any way.

For the foregoing reasons, and as even the allegations in Plaintiff's Complaint make clear, no confusion of any kind will arise between the goods and services that might ultimately be issued under the TARI mark and Lightning's TARO protocol. Plaintiff's claims are thus without merit.

---

[6] *Id.*

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

Each numbered response in this Answer is made subject to the following limitations as if fully set forth therein. Except as expressly and specifically admitted herein, Lightning denies each and every allegation alleged in the Complaint; denies that Tari has suffered any damages by reason of any conduct on the part of Lightning; and further denies that Tari is entitled to the relief sought, or to any relief at all, from Lightning. To the extent the allegations in the Complaint include undefined terms subject to multiple potential meanings and interpretations, Lightning objects to and denies each and every such allegation and incorporates by reference this response in each paragraph below as if fully set forth therein. Where Lightning states that it lacks knowledge or information sufficient to form a belief as to the truth of a certain allegation, Lightning reserves the right to argue that the allegation is true or false based on the evidence.

**INTRODUCTION**

1.     Lightning admits that the Complaint purports to bring an action against Lightning as described in Paragraph 1. Lightning also admits that Lightning adopted the TARO name for one of its blockchain technologies, that Lightning markets its TARO protocol to Bitcoin blockchain developers, and that Plaintiff demanded in writing prior to filing the Complaint that Lightning change the name of the TARO protocol. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 1 regarding Plaintiff and therefore denies the same. Lightning denies all other allegations in Paragraph 1.

2.     Lightning admits that the Complaint purports to seek injunctive relief against Lightning's use of the TARO trademark. Lightning otherwise denies the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3.  Paragraph 3 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning admits that this Court has subject matter jurisdiction over this action.

4.  Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response is required, Lightning admits that venue is proper in this district. Lightning, however, cannot meaningfully respond to the allegation in Paragraph 4 that "a 'substantial part of the events or omissions' on which the claim is based occurred in this district" because that phrase is vague and ambiguous, and it is not clear from the face of the Complaint which of the alleged "events or omissions" are alleged to have occurred in the Northern District of California.

**THE PARTIES**

5.  Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.  Lightning admits that it is a corporation organized and existing under the laws of the State of Delaware. Lightning otherwise denies the allegations in Paragraph 6.

**FACTS**

7.  Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.  Lightning denies that Plaintiff has released any "protocol" with "the ability for users to mine TARI tokens," and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.  Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.  Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Lightning denies that Plaintiff "own[s] and operate[s]" any "protocol" or that any Tari "protocol" was "launched" in April 2020 and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Lightning denies the allegations in Paragraph 13.

14. Lightning denies that Plaintiff "launch[ed]" any "protocol, platform, [or] related goods and services to be used by consumers of digital assets both inside and outside the realm of cryptocurrency" on April 29, 2020, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Lightning admits that the Lightning Network is a second-layer (or "layer 2") network on the Bitcoin blockchain that allows for faster processing times for transactions involving digital assets issued on the Bitcoin blockchain and more transactions per second than currently available on Bitcoin's "layer 1" network. Lightning lacks sufficient

knowledge or information to form a belief as to the truth of the other allegations in Paragraph 20 and therefore denies the same.

21. Lightning admits the allegations in Paragraph 21.

22. Lightning admits the allegations in Paragraph 22 and further avers that Lightning develops software for the Lightning Network, which is an open-source, high-speed, and scalable network on "layer 2" of the Bitcoin blockchain.

23. Lightning admits that it launched an open-source wallet for testing and further avers that the wallet is no longer in use. Lightning admits that it launched software that connects technical users who need access to Bitcoin liquidity to those who have capital to deploy on the Lightning Network. Lightning admits that it has launched an open-source technology that allows "non-custodial Lightning wallets to verify transactions and provide full synchronization to the Bitcoin blockchain." Lightning otherwise denies the allegations in Paragraph 23 and in particular denies that the Lightning Network is "Defendant's network."

24. Lightning admits that on April 5, 2022, Lightning publicly announced its TARO protocol but denies that it did so in April 2022 "under the name 'Hello Taro.'" Lightning further denies that the TARO protocol is infringing. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 24 and therefore denies the same.

25. Lightning admits that one definition of "stablecoin" is a digital asset "whose value is tied to that of another currency, commodity or financial interest," as set forth in footnote 2 to Paragraph 25. Lightning otherwise denies the allegations in Paragraph 25.

26. Lightning denies the allegations in Paragraph 26.

27. Lightning admits the allegations in Paragraph 27, except that Lightning denies that its TARO protocol is infringing.

28. Lightning denies the allegations in Paragraph 28 and avers that the referenced exhibit speaks for itself.

29. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 regarding Plaintiff's targeting of consumers and therefore denies the same. Lightning denies the other allegations in Paragraph 29, including that the TARO protocol is targeted to "consumers without sophisticated knowledge of how blockchain and digital assets works."

30. Lightning denies the allegations in Paragraph 30.

31. Lightning admits that it solicits feedback and cooperation from a specific community of sophisticated Bitcoin blockchain software developers to improve the TARO protocol and admits that Lightning's website features a link to a public developer chat community on Slack. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 31 and therefore denies the same.

32. Lightning admits that its TARO protocol can facilitate transactions involving a wide range of digital assets (including stablecoins). Lightning admits that Paragraph 32 accurately quotes Lightning's September 28, 2022 blog post on Lightning's website titled "Hello Taro: Building the (Tap)Root of the World's Financial Network with Bitcoin" and avers that the document speaks for itself. Lightning denies all other allegations in Paragraph 32, including the allegation that the TARO protocol is infringing and the allegation that TARO was "designed" by Lightning to sell and transfer NFTs.

33. Lightning denies that its use of the TARO mark in connection with its TARO protocol is likely to confuse or mislead consumers in any way. The other allegations in Paragraph 33 assert legal conclusions to which no response is required, but to the extent a response is required, Lightning denies such allegations.

34. Lightning denies the allegations in Paragraph 34 that TARI has been "used in interstate commerce" and that TARI "has developed significant goodwill and reputation." The other allegations in Paragraph 34 assert legal conclusions to which no response is required, but to the extent a response is required, Lightning denies the same.

35. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 regarding Plaintiff or Plaintiff's purported trademarks and therefore denies the same. Lightning denies all other allegations in Paragraph 35.

36. Paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 36.

37. Lightning admits that TARI and TARO are both four-letter, two-syllable words that begin with the letters T-A-R. Lightning also admits that the words TARI and TARO differ in their ending letter, because TARI ends with an "I" and TARO ends with an "O." Lightning denies that TARI and TARO are similar, let alone highly similar, in sight or sound. The other allegations in Paragraph 37 assert legal conclusions to which no response is required, but to the extent a response to the other allegations is required, Lightning denies the same.

38. Lightning admits that it markets its TARO protocol to developers and that Lightning's TARO protocol has been discussed in Bitcoin Magazine, which clearly and correctly identified Lightning as the source of the TARO protocol. Lightning denies that it markets the TARO protocol to "retail consumers." Lightning further denies that Plaintiff and Lightning offer "competing . . . services and technologies." Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 regarding Plaintiff's marketing and therefore denies the same, except to the extent the allegations in Paragraph 38 assert legal conclusions to which no response is required, but to the extent a response is required, Lightning denies the same.

39. Lightning denies that its TARO protocol is marketed to or used by unsophisticated users, given that Lightning markets its TARO protocol solely to highly sophisticated blockchain developers who exercise a high degree of care in understanding the technical protocols with which they work. Lightning denies that TARI and TARO have an "extreme . . . similarity." Lightning lacks sufficient knowledge or information to form a

belief as to the truth of the allegations in Paragraph 39 regarding Plaintiff or Plaintiff's purported trademarks and therefore denies the same. Lightning denies all other allegations in Paragraph 39.

40. Lightning admits that it chose the TARO name for its TARO protocol but denies that it selected the TARO name with knowledge or understanding that it would give rise to consumer confusion. Lightning also denies that it is capitalizing on and trading upon any goodwill associated with the TARI mark. Lightning lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 regarding Plaintiff and therefore denies the same.

41. Lightning admits that Lightning offers services in a field of rapidly developing technologies, that Lightning develops novel solutions and platforms, and that "[c]ryptocurrency trading and exchange services" can "involve both traditional cryptocurrencies such as Bitcoin, and other digital assets, including NFTs, tokens, and stablecoins." Lightning lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 41 and therefore denies the same.

**CAUSES OF ACTION**

### FIRST CAUSE OF ACTION

**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

42. Lightning repeats the answers contained above.

43. Lightning denies that Plaintiff "has continuously used [the TARI trademark] in US interstate commerce since 2020." The other allegations in Paragraph 43 assert legal conclusions to which no response is required, but to the extent a response is required, Lightning lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same.

44. Paragraph 44 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 44, given that no reasonable user of Lightning's TARO protocol would conclude that the protocol had

been developed by, approved by, sponsored by, or endorsed by, or has any affiliation with, Plaintiff or Plaintiff's goods or services.

45. Lightning denies the allegations in Paragraph 45.

46. Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 46, given that Lightning is not "trading off of" or profiting from any of Plaintiff's trademarks and that the Complaint does not plausibly allege that Lightning's use of the TARO name for its protocol has resulted in any consumer confusion or that Plaintiff has suffered any irreparable harm.

47. Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 47, given that Plaintiff has an adequate remedy at law for any purported "misconduct" committed by Lightning and that the Complaint does not plausibly allege that consumers "will continue to be confused" or that Plaintiff has suffered any "injuries" that could "continue to occur."

48. Lightning denies the allegations in Paragraph 48.

49. Paragraph 49 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 49.

50. Paragraph 50 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 50.

**SECOND CAUSE OF ACTION**

**(Trademark Infringement – California Common Law)**

51. Lightning repeats the answers contained above.

52. Lightning denies that "[s]ince 2020, Plaintiff has continuously used the TARI® Mark to identify its products and services in California." The other allegations in Paragraph 52 assert legal conclusions to which no response is required, but to the extent a response is required, Lightning denies the same.

53. Paragraph 53 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 53.

54. Lightning cannot meaningfully respond to the allegation in Paragraph 54 regarding an "Infringing Fund" because that term is not defined in the Complaint. The other allegations in Paragraph 54 assert legal conclusions to which no response is required, but to the extent a response is required, Lightning denies the same.

55. Paragraph 55 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 55, given that the Complaint does not plausibly allege that Plaintiff has suffered or will suffer any injury at all, let alone one that is irreparable.

56. Paragraph 56 asserts a legal conclusion to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 56.

57. Paragraph 57 asserts a legal conclusion to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 57.

58. Paragraph 58 asserts a legal conclusion to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 58.

## THIRD CAUSE OF ACTION

**(Unfair Competition – Cal. Bus. & Prof. Code, § 17200 *et seq.*)**

59. Lightning repeats the answers contained above.

60. Paragraph 60 asserts a legal conclusion to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 60.

61. Paragraph 61 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 61.

62. Paragraph 62 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 62.

63. Paragraph 63 asserts legal conclusions to which no response is required. To the extent a response is required, Lightning denies the allegations in Paragraph 63.

**PRAYER FOR RELIEF**

  Lightning denies that Plaintiff is entitled to the relief requested.

**DEMAND FOR JURY TRIAL**

  Lightning admits that the Complaint purports to request a trial by jury.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

  1. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

  2. Plaintiff's claims are barred, in whole or in part, because Plaintiff does not possess rights in the TARI trademark.

  3. Plaintiff's claims are barred, in whole or in part, because the TARI trademark has not been used in connection with the sale of goods or services in commerce as required to establish trademark rights.

  4. Plaintiff's claims are barred, in whole or in part, because Lightning has not infringed, contributed to the infringement of, or induced the infringement of Plaintiff's purported trademark rights.

  5. Plaintiff's claims are barred, in whole or in part, because Lightning has not willfully infringed, and is not currently willfully infringing, Plaintiff's trademarks directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

  6. Plaintiff is not entitled to recover money damages, punitive damages, or attorney's fees because it has not and cannot allege or prove sufficient facts to support such a claim.

  7. To the extent Plaintiff is entitled to any relief, it is not entitled to equitable relief because it has an adequate remedy at law.

  8. Lightning reserves the right to rely on additional defenses and affirmative defenses based on information obtained or learned during the course of this lawsuit, including during discovery.

Dated: February 7, 2023

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: /s/ *Megan K. Bannigan*
    Megan K. Bannigan (*Pro Hac Vice*)
    mkbannigan@debevoise.com
    Timothy Cuffman (*Pro Hac Vice*)
    tcuffman@debevoise.com
    DEBEVOISE & PLIMPTON LLP
    66 Hudson Boulevard
    New York, NY 10001
    Tel: 212-909-6000

    Christopher S. Ford (State Bar No. 337795)
    csford@debevoise.com
    DEBEVOISE & PLIMPTON LLP
    650 California Street
    San Francisco, CA 94108
    Tel: 415-644-5628

    *Attorneys for Defendant Lightning Labs, Inc.*