J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Mitchell C. Stein, Esq. (*pro hac vice*)
    stein@braunhagey.com
Kirsten Jackson, Esq. (*pro hac vice*)
    dooley@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

ATTORNEYS FOR PLAINTIFF
TARI LABS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARI LABS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LIGHTNING LABS, INC.,<br><br>    Defendant. | Case No. 3:22-cv-07789-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF TARI LABS, LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Date:      March 15, 2023, or as the Court may otherwise order<br>Time:      2:00 p.m.<br>Judge:     Hon. William H. Orrick<br>Courtroom: _____ |

Case No. 3:22-cv-07789-WHO
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1      Having reviewed and fully considered the *ex parte* motion for temporary restraining order filed by Plaintiff Tari Labs, LLC's ("Plaintiff") pursuant to L.R. 7-11 and 65-1(a), the accompanying memorandum of points and authorities, declarations and attached exhibits, and complaint on file in this action, and based on the facts and representations therein, the Court finds that:

      1.    The Court has jurisdiction over the subject matter and parties in this action.

      2.    Plaintiff is the registered owner of United States Trademark Registration No. 6,701,730 for TARI®. Tari uses the TARI® mark to market products and services including the Tari blockchain protocol.

      3.    Defendant Lightning Labs Inc. ("Defendant") is marketing and intends to release a competing blockchain protocol under the mark "TARO."

      4.    Plaintiff is likely to succeed on the merits of its trademark infringement claims. First, Plaintiff owns valid, protectable interests in its registered trademark TARI®.  Second, the Court finds that Defendant's use of "TARO" to sell competing products and services is highly likely to confuse consumers. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014).

      5.    Plaintiff is entitled to a presumption of irreparable harm as a matter of law based on its likelihood of success on the merits. 15 U.S.C. § 1116. Plaintiff also has shown that it lacks an adequate remedy at law based on the loss of control over its business reputation and damage loss of goodwill threatened by Defendant's continued infringement. *See Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

      6.    The equities tip decidedly in favor of granting an injunction because Plaintiff has shown irreparable harm, while Defendant "cannot complain of the harm that will befall [it] when properly forced to desist from [its] infringing activities." *Triad Systems Corp. v. Southeastern Exp. Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995).

      7.    The public interest will be served by an injunction because "[t]he public has an interest in avoiding confusion between two companies' products." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 993 (9th Cir. 2009)

8. Plaintiff is not required to post security under Fed R. Civ. P. 65(c) due to its likelihood of success on the merits. *See 2Die4Kourt v. Hillair Capital Mgmt., LLC*, 692 F. App'x 366, 369 (9th Cir. 2017).

9. Defendant has been served with notice of Plaintiff's motion via ECF.

**THEREFORE, IT IS HEREBY ORDERED THAT** Defendant and its officers, directors, employees, agents, subsidiaries, and distributors are immediately restrained and enjoined, until such time as the Court rules upon Plaintiff's motion for a preliminary injunction:

1. From selling, advertising, promoting, offering for sale, or making available for use by any party any product or service related to blockchain technology, cryptocurrency, or digital assets using the mark "TARO."

2. From knowingly instructing, aiding, abetting, or acquiescing in any other person or business entity's infringement as described in Paragraph 1 above.

3. To the extent Defendant has previously disseminated products, services, advertising, displays, media images, or other publicly available or viewable materials that are not in compliance with Paragraph 1 prior to February 21, 2023, Defendant need not remove or recall such materials until such time as the Court rules upon Plaintiff's motion for a preliminary injunction.

This temporary restraining order shall expire once the Court rules upon Plaintiff's motion for a preliminary injunction according to the schedule set forth below.

**IT IS FURTHER ORDERED THAT** Defendant shall appear before the Honorable William H. Orrick, United States District Judge, in Courtroom 2 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, on March 15, 2023 and show cause why a preliminary injunction should not issue during the pendency of this action as follows:

1. Enjoining Defendant and its officers, directors, employees, agents, subsidiaries, and distributors from selling, advertising, promoting, offering for sale, or making available for use by any party any product or service related to blockchain technology, cryptocurrency, or digital assets using the mark "TARO."

2. Enjoining Defendant and its officers, directors, employees, agents, subsidiaries, and distributors from knowingly instructing, aiding, abetting, or acquiescing in any other person or business entity's infringement as described in Paragraph 1 above.

3. Allowing Defendant seven (7) days from the entry of such preliminary injunction to remove from commerce any existing products, services, advertising, displays, media images, or other publicly available or viewable materials that are not in compliance with Paragraph 1 (the "Compliance Period"). At the conclusion of the Compliance Period, Defendant shall securely store in a non-public facility, or destroy, any remaining products or articles covered by Paragraph 1, and shall certify its compliance with the terms of the preliminary injunction to Plaintiff in writing.

In addition to service via ECF, Plaintiff shall serve this Order to Show Cause and supporting papers upon Defendant by _____. Any response or opposition to this Order to Show Cause shall be filed fourteen (14) days before the hearing, and any reply by Plaintiff shall be filed seven (7) days before the hearing.

**IT IS SO ORDERED**.

Dated: _____, 2023

Honorable William H. Orrick
United States District Judge