1  J. Noah Hagey, Esq. (SBN: 262331)
      hagey@braunhagey.com
2  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
3  San Francisco, CA 94104
   Telephone: (415) 599-0210
4  Facsimile: (415) 276-1808

5  Mitchell C. Stein, Esq. (*Pro Hac Vice*)
      stein@braunhagey.com
6  Kirsten Jackson, Esq. (*Pro Hac Vice*)
      dooley@braunhagey.com
7  BRAUNHAGEY & BORDEN LLP
   118 W. 22nd Street, 12th Floor
8  New York, NY 10011
   Telephone: (646) 829-9403
9  Facsimile: (646) 403-4089

10 ATTORNEYS FOR PLAINTIFF
   TARI LABS, LLC
11

12                     **UNITED STATES DISTRICT COURT**

13                     **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | TARI LABS, LLC,              | Case No. 3:22-cv-07789-WHO
16 |                              |
   |        Plaintiff,            | **DECLARATION OF J. NOAH HAGEY
17 |                              | IN SUPPORT OF PLAINTIFF'S EX
   |   v.                         | PARTE APPLICATION FOR
18 |                              | TEMPORARY RESTRAINING ORDER
   | LIGHTNING LABS, INC.,        | TO PRESERVE THE STATUS QUO AND
19 |                              | MOTION FOR PRELIMINARY
   |        Defendant.            | INJUNCTION**
20
21    Date:
      Time:
22    Judge:      Hon. William H. Orrick
      Courtroom:  Via Zoom videoconference
23

Case No. 3:22-cv-07789-WHO
HAGEY DECLARATION IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER TO PRESERVE THE STATUS QUO AND MOTION FOR PRELIMINARY INJUNCTION

I, J. Noah Hagey, declare:

1. I am an attorney licensed to practice before this Court and am counsel of record for Plaintiff Tari Labs, LLC ("Tari"). I make this declaration based on personal knowledge and if called upon to testify, I could and would testify competently thereto.

2. Attached as **Exhibit 1** is a true and correct copy of a cease-and-desist letter from Tari to Lightning Labs dated September 12, 2022.

3. Attached as **Exhibit 2** is a true and correct copy of a letter from counsel for Lightning Labs to Tari dated September 27, 2022.

4. On December 8, 2022, after being retained as counsel by Tari, I spoke by telephone with counsel for Defendant Lightning Labs to explore alternatives to litigation. The call was unsuccessful at reaching a resolution. Later the same day, Tari filed its Complaint in this action.

5. On December 9, 2022, I sent a copy of Tari's Complaint to Lightning Labs' counsel via email.

6. On December 12, 2022, Lightning Labs' counsel requested an extension of time to respond to the complaint. In our response, a true and correct copy is attached hereto as **Exhibit 3**, we conveyed Tari's alarm at Lightning Labs' use of the infringing TARO mark and agreed to a limited extension, January 24, 2023, to which counsel for Lightning Labs agreed.

7. On January 19, 2023, Lightning Labs requested another extension of time to respond due to a change in counsel. In our response, we again requested that Lightning cease its infringement. Attached as **Exhibit 4** is a true and correct copy of this correspondence.

8. On February 21, 2023, I notified counsel for Defendant via email that Tari would be filing an *ex parte* motion that day to preserve the *status quo* pending a hearing on a motion for preliminary injunction. I attached to the email a copy of the proposed order our client would be seeking and asked if Defendant would negotiate a stipulated interim injunction. Attached as **Exhibit 5** is a true and correct copy of that email. The parties met and conferred regarding the requested relief that day. Defendant's counsel indicated that Defendant was unlikely to agree to any interim injunction to refrain from launching or releasing TARO, but would reserve rights upon review of Tari's motion. Later that day, I provided Defendant's counsel with examples of recent

public announcement of plans by Defendant regarding the launch of TARO. I again offered to meet and confer once Defendant has received the full briefing. Attached as **Exhibit 6** is a true and correct copy of that email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  February 21, 2023           By: _____
                                          J. Noah Hagey