# EXHIBIT 2



Wilson Sonsini Goodrich & Rosati
Professional Corporation

701 Fifth Avenue
Suite 5100
Seattle, Washington 98104-7036

O: 206.883.2500
F: 206.883.2699

September 27, 2022

*Via E-mail: gc@tari.com*

Mr. Louis Willacy
Chief Operating Officer
Tari Labs, LLC
6339 Charlotte Pike, #508
Nashville, Tennessee 37209

  Re:  **Lightning Labs – Intellectual Property Matters**

Dear Louis:

  We represent Lightning Labs ("LL") in trademark and other legal matters and write in response to your letter dated September 12, 2022, on behalf of Tari Labs, LLC ("Tari Labs"). Please direct any further communications about this matter to us.

  Please rest assured that LL respects the intellectual property rights of others and seeks to avoid any potential confusion in the marketplace. We have considered your letter and discussed it with our client. While we understand that your company feels obligated to take certain steps in the course of protecting its intellectual property, we disagree that there is any realistic likelihood of confusion between Tari Labs' and LL's uses of their respective marks.

  Specifically, as a practical matter, the technology space is vast and comprises many goods and services that are unrelated to each other. Confusion is therefore not likely between two marks merely because both are used in connection with goods and services generally related to cryptocurrency or technology. *See, e.g.*, *PerkinElmer Health Scis., Inc. v. Atlas Database Software Corp.*, Cancellation No. 92046554, 2011 WL 7005538, at *10-15 (T.T.A.B. Dec. 22, 2011) (finding that the "mere fact that the parties' goods fall under the broad category of software for use in laboratories is not a sufficient basis upon which to find that they are related for purposes of likelihood of confusion"); *Elec. Data Sys. Corp. v. EDSA Micro Corp.*, 23 U.S.P.Q.2d (BNA) 1460, 1463 (T.T.A.B. 1992) ("Given the ubiquitous use of computers in all aspects of business in the United States today, this Board and its reviewing Court have rejected the view that a relationship exists between goods and services simply because each involves the use of computers.").

  LL's Taro protocol enables assets like stablecoins to be used via the Lightning global payments network, whereas Tari Labs' platform is reliant on the Monero blockchain and focuses primarily on transacting with non-fungible tokens. Let me make clear that LL's Taro is not and will not ever be part of, or built on, Monero, and the company's focus with the protocol will continue to be to support the use of stablecoins as opposed to NFTs.

AUSTIN  BEIJING  BOSTON  BRUSSELS  HONG KONG  LONDON  LOS ANGELES  NEW YORK  PALO ALTO

SAN DIEGO  SAN FRANCISCO  SEATTLE  SHANGHAI  WASHINGTON, DC  WILMINGTON, DE

WILSON
SONSINI

Mr. Louis Willacy
September 27, 2022
Page 2

Importantly, the ecosystem of developers that would encounter either company's offering is a particularly sophisticated group who would immediately recognize and understand the different crypto-related protocols and platforms and the accompanying technical distinctions.  It is difficult to imagine a more sophisticated lot.  As a real-world matter, developers are, quite simply, not likely to confuse the companies' respective offerings or believe there's any relationship whatsoever.

Even beyond the materially different use cases, it is worth making clear that the companies' marks themselves give off different impressions, particularly given the distinct suggestiveness associated with each.  LL's adoption of the Taro name is a clever derivation from the "Taproot" upgrade to Bitcoin that powers the Taro protocol.  A taro, as you likely recognize, is a root vegetable; accordingly, LL plays on Taproot's vegetable naming convention by picking a vegetable (Taro) within the taproot family as its protocol name. "Tari", on the other hand, refers to a small medieval coin, suggesting something quite different.  All in all, the two marks are spelled differently, look different, sound different, and bring to mind very different things given their respective provenance.  Therefore, it is highly unlikely that the relevant public would confuse the two marks.

Our understanding is that Tari Labs may be raising the issue out of a misplaced belief that trademark law would require that it stop LL from using Taro or otherwise risk losing rights in its own Tari mark.  Tari Labs has no such obligation here, and there is no real-world possibility that LL's use of Taro would somehow invalidate any trademark rights that Tari Labs may hold.  While a trademark owner should take reasonable measures to address clear infringement of its mark, the practical and legal emphasis is on *reasonable measures*.  Not only is there no infringement, as evidenced by the reasons indicated above, there is nothing unreasonable about Tari Labs determining that there are business and legal reasons that the different marks can co-exist without problem.

Our client has every intention of continuing to use the name Taro in a way that does not violate your company's rights.  That said, in light of the longstanding good relationship among the respective principals of LL and Taro Labs, and in an effort to amicably resolve and address your concerns, LL would be more than willing to discuss a potential co-existence agreement memorializing the companies' respective uses if that is something you would like to consider.  If you would like to discuss that possibility further, please let us know.  Rest assured, however, if your company insists on challenging our client's use of the brand Taro, our client is committed to vigorously defending itself.

Our client reserves all rights.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Aaron D. Hendelman

cc:  Lightning Labs

4888-1234-5397