J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Mitchell C. Stein, Esq. (*Pro Hac Vice*)
  stein@braunhagey.com
Kirsten Jackson, Esq. (*Pro Hac Vice*)
  dooley@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

ATTORNEYS FOR PLAINTIFF
TARI LABS, LLC

Christopher S. Ford (State Bar No. 337795)
  csford@debevoise.com
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Tel: 415-644-5628

Megan K. Bannigan (*Pro Hac Vice*)
  mkbannigan@debevoise.com
Timothy Cuffman (*Pro Hac Vice*)
  tcuffman@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Tel: 212-909-6000

ATTORNEYS FOR DEFENDANT
LIGHTNING LABS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARI LABS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>LIGHTNING LABS, INC.,<br><br>          Defendant. | Case No. 3:22-cv-07789-WHO<br><br>**FIRST SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Date:       April 25, 2023<br>Time:       2:00 p.m.<br>Judge:      Hon. William H. Orrick<br>Courtroom:  Via Zoom videoconference |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Tari Labs, LLC ("Plaintiff" or "Tari Labs") and Defendant Lightning Labs, Inc. ("Defendant" or "Lightning Labs" and, together with Plaintiff, the "Parties") hereby submit the following first supplemental joint discovery plan and proposed schedule.

On February 21, 2023, counsel for the Parties met and conferred via telephonic conference pursuant to FRCP 26(f), at which time counsel for the Parties discussed the case and jointly prepared the Report filed on March 6, 2023 (ECF No. 52), addressing the issues identified in FRCP 26(f)(3). The parties further met and conferred on April 14, 2023 in connection with the preparation of this supplemental submission.

## I.    JURISDICTION AND SERVICE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendant does not contest jurisdiction. All Parties have been served.

## II.    FACTS

### A.    Plaintiff's Statement of the Case

Plaintiff Tari Labs, LLC is a technology company that is developing an innovative open-source blockchain platform called TARI® that empowers users to create, buy and sell a wide range of digital assets. Plaintiff owns the federally registered trademark TARI® and brings this action against its competitor, Defendant Lightning Labs to remedy and enjoin Defendant's use of the name "TARO" for its open-source digital assets blockchain based protocol.  Tari alleges Federal Trademark Infringement under 15 U.S.C. § 1114; Trademark Infringement under California Common Law; and Unfair Competition under Cal. Bus. & Prof. Code, § 17200 et seq. The parties compete in the same digital blockchain ecosystem, provide similar, and in some instances, identical, goods and services, market to similar developers and users, and will appear on the same blockchain related platforms and applications. Defendant's TARO protocol is likely to cause confusion among developers and consumers of digital assets and such conduct by Defendant threatens to create both actual and reverse confusion. Because Defendant's infringement was exceptional in that Defendant had full knowledge of TARI®, was repeatedly warned of

infringement liability by Plaintiff and yet refused to change its infringing name and continued to market the infringing protocol, Tari will seek to recover all of the fees and costs incurred in protecting its rights under 15 U.S.C. § 1117(a).

On February 21, 2023, Plaintiff moved for a temporary restraining order to preserve the status quo and for a preliminary injunction. (ECF No. 25.) On March 13, the Court granted the motion, holding that "Tari is likely to succeed on the merits of its claim that the TARO protocol is likely to confuse consumers." (ECF No. 56 at 21-22.) On March 16, the Parties stipulated, and the Court ordered that the temporary restraining order be converted into a preliminary injunction. (ECF No. 59.)

### B.   Defendant's Statement of the Case

Lightning Labs is a software development company focused on building open-source software infrastructure for sophisticated Bitcoin software developers.  Among several other projects aimed at helping to bring financial freedom to the world, Lightning Labs, in collaboration with external software developers, is developing TARO, an open-source software protocol that developers will be able to use to create new digital assets, like stablecoins, on the Bitcoin blockchain.  TARO was announced in April 2022 and, in September 2022, Lightning released the initial code for TARO on the Bitcoin test network as an open-source protocol.  "TARO" is an acronym for "Taproot Asset Representation Overlay" and evokes "Taproot," the Bitcoin technology that made the protocol possible.  The name is also a reference to the root vegetable taro, which is also a common food in Nigerian cuisine, which made it meaningful to Lightning's Nigerian-born co-founder.

Tari Labs' claims fail because there is no likelihood of confusion between TARO and any goods produced by Tari Labs under the TARI mark.  Although both Tari Labs and Lightning Labs are in the general "crypto" space, Tari Labs is a very different company developing a very different technology under a different name.  Because the TARO protocol is built on Bitcoin, it cannot be used on the Monero blockchain on which Tari Labs is developing, or any other TARI-branded blockchain, and is not designed to interact with any software Tari Labs is developing in any way.  Further, ordinary consumers (as opposed to sophisticated software developers) will not likely see

references to Lightning's TARO protocol at all (just as they are not likely to see references to SMTP protocol, which makes email possible). Nor will TARO ever appear in the same channels of trade as TARI-branded products, which appear to still be in the development process on an entirely separate blockchain, and which are intended for a consumer (*i.e.*, non-developer) audience. In any event, developers and consumers alike are accustomed to paying careful attention to the name of blockchain projects and are not easily confused, even by superficially similar names—such as TARI, TARA, ATARI, TAKI, and TARO, all of which are currently in use in the crypto space by non-parties.

Lightning Labs intends to explore a number of affirmative defenses in discovery, including that Tari Labs may have no valid rights in the TARI mark or trademark registration. Tari Labs does not appear to be using the TARI mark in commerce, and Tari Labs' website disclaims ownership or control over the TARI protocol. Tari Labs also purports to have been assigned its TARI registration by another legal entity, though the assignment agreement appears to be defective under 15 U.S.C. § 1060(a)(1) because no business assets were transferred along with the intent-to-use assignment.

Tari Labs is not, and will not be, entitled to recover attorneys' fees or costs under 15 U.S.C. § 1117(a). Not only are Tari Labs' claims meritless, but even if Tari Labs were to prevail as to liability (which it will not) Tari Labs will not be able to carry its burden to prove that this action is an "exceptional case" under the *Octane Fitness* standard that governs Lanham Act cases in this Circuit. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016).

### III.   LEGAL ISSUES

The Parties agree that the principal legal issues in this matter are whether: "(1) Plaintiff has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9thCir. 2012) (citations omitted). The elements of trademark infringement, if proven, would also establish Tari Labs' claim for unfair competition. *See Monster Energy Co. v. BeastUp LLC*, 395 F. Supp. 3d 1334 (E.D. Cal. 2019).

Plaintiff adds that a principal legal issue is whether this case constitutes "an exceptional case" within the meaning of 15 U.S.C. § 1117(a).

## IV. MOTIONS

The Court has entered a stipulated Preliminary Injunction following its ruling on Tari Labs' Motion for a Temporary Restraining Order (ECF No. 56).

Plaintiff is considering filing motions to compel regarding Defendant's refusal to set the deposition for its Chief Executive Officer Elizabeth Stark, and Defendant's deficient responses to Plaintiff's first set of interrogatories and requests for production. Additionally, Defendant provided written representations to Plaintiff that it would change TARO to a new, non-infringing name by March 31, 2023, but Defendant has failed to do so. Plaintiff is concerned that Defendant is continuing its infringement by its public and ongoing use and promotion of TARO on its website and platforms such as GitHub and is fostering and/or benefiting from third parties' commercialization of TARO.  *See, e.g.*, Joe Hall, *The State of the Bitcoin Lightning Network in 2023*, CoinTelegraph, Apr. 10, 2023, https://cointelegraph.com/news/the-state-of-the-bitcoin-lightning-network-in-2023 (Defendant's development partner, River Financial, discussing the benefits of the TARO protocol); *see also* Lightning Labs, *Signal Over Noise: How Emerging Markets Are Powering Lightning Growth*, Jan. 26, 2023, https://lightninglabs.substack.com/p/signal-over-noise-how-emerging-markets  (promoting River Financial's launch of "River Lightning Services" developed on Defendant's Lightning Network). The Parties have agreed to meet and confer regarding these contentions, but Plaintiff may require, and will seek accordingly, judicial intervention.

Defendant does not anticipate filing any motions in the near future, but notes that the parties have not met and conferred regarding any of the issues prematurely identified by Plaintiff above.  In particular, Plaintiff has failed to identify any provision of the Court's Order it believes Defendant is violating (because Defendant is, in fact, fully in compliance with the preliminary injunction order), and Defendant has always made clear to Plaintiff that any change in the protocol's name would be a complex process with no date certain.  Defendant has confirmed to Plaintiff that it was in no way responsible for, and did not encourage, the third-party statements –

some of which have nothing to do with TARO – that Plaintiff misleadingly characterizes above (for example, Lightning Labs does not have "development partners", and the CoinTelegraph article Plaintiff identifies is based on interviews with third parties conducted at a Bitcoin developer conference on March 2–3, 2023, before this Court had even held a hearing on Plaintiff's motion for a temporary restraining order).  *See* Joe Hall, *The State of the Bitcoin Lightning Network in 2023*, CoinTelegraph (Apr. 10, 2023), https://cointelegraph.com/news/the-state-of-the-bitcoin-lightning-network-in-2023 (article based on "key opinion leaders interviewed during Advancing Bitcoin Developer Conference in London"); Joe Hall, *Technical Discussions Take Center Stage at Advancing Bitcoin Conference in London*, CoinTelegraph (Mar. 6, 2023), https://cointelegraph.com/news/technical-discussions-take-center-stage-at-advancing-bitcoin-conference-in-london ("Bitcoin bear market builders convened in London for the Bitcoin-only conference Advancing Bitcoin, which ran from March 2–3."). Defendant will respond to any attempt by Plaintiff to seek relief outside of the scope of the Court's Order with these and other appropriate defenses.

If this case proceeds past the pleadings, both Parties anticipate filing motions for summary judgment, motions *in limine*, and other appropriate pretrial motions.

## V.  AMENDMENT OF PLEADINGS

The Parties do not anticipate joinder of additional parties. Plaintiff is considering amending its complaint, and Defendant is considering whether to amend its answer to assert counterclaims.

## VI.  EVIDENCE PRESERVATION

The Parties have preserved evidence in their possession, custody, or control. The Parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. While the Parties expect that some discovery will be in electronic form, the Parties do not currently anticipate any issues relating to disclosure or discovery of electronically stored information. The Parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

**VII.    DISCLOSURES**

The Parties have served their initial disclosures in accordance with the requirements of Fed. R. Civ. P. 26.

**VIII.   DISCOVERY**

Plaintiff served a first set of interrogatories and requests for production on Defendant, and Defendant responded and objected to those discovery requests on April 10, 2023. Defendant served upon Plaintiff its first sets of requests for production and interrogatories on April 11 and April 14, 2023, respectively.

   **A.    Scope of Discovery.**

The Parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections II and III above, and the requested relief discussed in Section XI below, including all related, ancillary, and subsidiary factual and legal issues and matters. The Parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Section XVI below.

   **B.    Protective Order**

The Parties filed a Stipulated Protective Order for approval by the Court on April 10, 2023 (ECF No. 68). The Court granted the Stipulated Protective Order on April 12 (ECF No. 72).

**IX.    CLASS ACTIONS**

This case is not a class action.

**X.    RELATED CASES**

There are presently no related cases of which the Parties are aware.

**XI.    RELIEF**

   **A.    Plaintiff's Position**

Plaintiff seeks both injunctive and equitable relief. Plaintiff is unable to provide a meaningful damages estimate at this early stage in litigation but will be able to provide a damages estimate based on its experts' counsel and once some preliminary discovery has been conducted. Plaintiff also seeks treble damages and its reasonable attorney's fees in accordance with 15 U.S.C § 1117, and punitive damages allowed by California or other law as a result of Defendant's oppression, fraud, and malice in intentionally infringing Plaintiff's trademark.

**B.     Defendant's Position**

Defendant denies Plaintiff is entitled to any relief of any kind, and seeks a judgment entered in its favor, an award of attorneys' fees and costs, and such other relief as this Court deems appropriate. To the extent the Plaintiff were to succeed on one or more of its claims, relief should be limited to Plaintiff's actual damages or Lightning Labs' profits from the TARO protocol, because Plaintiff cannot prove that any of the alleged infringement was willful, intentional, fraudulent, malicious, or oppressive, and Plaintiff is not entitled to a permanent injunction because damages are adequate to compensate Tari Labs for any harm it purportedly suffered. Nor would Plaintiff be entitled to an award of attorneys' fees, as this is not an "exceptional case" under applicable law.

## XII.   SETTLEMENT AND ADR

The Parties have met and conferred regarding ADR options.

Plaintiff believes an early settlement conference with a Magistrate Judge may be useful to narrow contested issues and/or help resolve the case. Defendant is open to participating in an early settlement conference and has begun conferring with Plaintiff as to an appropriate process.

## XIII.  OTHER REFERENCES

The Parties agree that no other references are appropriate at this time.

## XIV.  NARROWING OF ISSUES

At this time, the Parties have not identified any further issues that can be narrowed by agreement or motion (other than the issues and motions discussed herein).

At this time, the Parties do not anticipate that it will be necessary to bifurcate any issues, claims, or defenses.

## XV.   EXPEDITED TRIAL PROCEDURE

The Parties do not agree this case should be handled under an expedited trial procedure. The Parties respectfully seek a trial date no earlier than April 2024, subject to the Court's availability.

## XVI.  SCHEDULING

The parties jointly propose the following deadlines. Plaintiff notes that its lead counsel has competing trial dates in August, September, and November 2023 for cases commenced prior to 2022:

| Event | Date Event Commences / Deadline |
|---|---|
| Deadline to Amend | May 5, 2023 |
| Close of Fact Discovery | August 18, 2023 |
| Close of Expert Discovery | November 3, 2023 |
| Deadline to File Dispositive Motions | December 15, 2023 |
| Deadline to file Opp. to Dispositive Motions | January 26, 2024 |

## XVII. TRIAL

Plaintiff requests a trial by jury and expects that a trial will last 3 to 5 days. Defendant expects that any trial in this case can be completed in 1 to 2 days.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff and Defendant filed their respective Certificate of Interested Entities or Persons on December 16, 2022 (Dkt. No. 7) and February 28, 2023 (Dkt. No. 42) respectively.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: April 18, 2023

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:  /s/ J. Noah Hagey
     J. Noah Hagey

*Attorneys for Plaintiff*
*Tari Labs, LLC*

Dated: April 18, 2023

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By:  /s/ Megan K. Bannigan
     Megan K. Bannigan

*Attorneys for Defendant*
*Lightning Labs, Inc.*
(With Consent)